Filed 7/22/25  P. v. Hernandez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D083444 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN255040) |
| ALVARO HERNANDEZ, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Runston G. Maino, Judge.  Conditionally affirmed and remanded with directions.


Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Daniel Rogers, Supervising Deputy Attorney General, and James M. Toohey

and Elizabeth M. Kuchar, Deputy Attorneys General for Plaintiff and Respondent.

Alvaro Hernandez is currently incarcerated after pleading guilty to two counts of attempted murder. He appeals from an order denying his petition for resentencing under Penal Code section 1172.6[1] at the prima facie stage. He contends he was entitled to an evidentiary hearing as a matter of law. During the pendency of this appeal, the California Supreme court decided *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*), and under it we conditionally affirm the order denying Hernandez's resentencing petition and remand the matter to the superior court with directions to consider any "additional facts" if Hernandez seeks to supplement his petition within 30 days of our remand.

FACTUAL AND PROCEDURAL BACKGROUND

The following facts are summarized from the preliminary hearing transcript, which served as the stipulated factual basis for Hernandez's plea agreement. In March 2008, Hernandez, a criminal street gang member, shot S.T. and R.G., both of whom associated with a rival gang. The entire incident was captured on surveillance video, which showed that a single individual committed the shooting. R.G. sustained a wound to his back, and S.T. was shot multiple times.

A detective testified he subsequently interviewed Hernandez, who stated he was at a park with M.V. when he learned an altercation had occurred with members of the rival gang. M.V. drove him to the altercation site. Hernandez said that once there, "I did what I did," clarifying, "I went up to some dudes and fucking shot 'em." Hernandez said M.V. did not know

---

[1] References to statutes are to the Penal Code. Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

about the shooting beforehand. The detective testified, "[Hernandez] also indicated that he did not even think that [M.V.] knew about the gun that [Hernandez] had on him."

In August 2009, Hernandez pleaded guilty to two counts of attempted murder, and admitted that he personally and intentionally discharged a firearm "during the commission of [each] offense" (§ 12022.53, subd. (c)) and that he committed the offenses for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1).)

The court sentenced Hernandez to a stipulated term of 39 years in state prison.

*Postjudgment Proceedings*

On direct appeal, Hernandez's counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436. (*People v. Hernandez* (June 25, 2010, D056400) [nonpub. opn.].) This court affirmed his conviction.

In March 2023, Hernandez filed a form petition for resentencing under section 1172.6. He checked boxes stating that: (1) an information was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on his participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) he was convicted of attempted murder after accepting a plea; and (3) he could not presently be convicted of attempted murder because of subsequent changes made to sections 188 and 189. The trial court appointed counsel to represent Hernandez.

The People in their initial response to the petition argued Hernandez had failed to establish a prima facie case for relief because his record of conviction showed he was ineligible for resentencing as a matter of law. The

3

People attached to their response copies of the information, the change of plea form, the court minutes, the abstract of judgment, and the transcript of the preliminary hearing.

Hernandez's counsel in reply argued Hernandez had met his burden of production and made a prima facie showing that he was eligible for section 1172.6 relief.

At the prima facie hearing, Hernandez's counsel requested the court grant him an evidentiary hearing so he could present additional evidence: "Although the preliminary hearing transcript served as part of the factual basis for the plea, it does not . . . serve to dispute what Mr. Hernandez asserted in filing his petition. We're asking the court to grant him an evidentiary hearing. He does have additional arguments and evidence he would like the court to consider if we get to that stage."

The trial court stated it had read the parties' briefs and reviewed Hernandez's record of conviction. It denied the petition based on Hernandez's plea, the preliminary hearing transcript, and Hernandez's admission that he was the shooter. It concluded Hernandez was ineligible for resentencing as a matter of law.

## DISCUSSION

Hernandez contends the court should have granted his petition at the prima facie stage, and he is entitled to an evidentiary hearing under section 1172.6, subdivision (d). Specifically, he asserts the court engaged in impermissible factfinding by relying on facts from the preliminary hearing transcript to deny his petition.

A. *Applicable Law*

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.), which abolished liability for murder based on the

4

natural and probable consequences doctrine or imputed malice predicated solely on one's participation in a crime. (Stats. 2018, ch. 1015, § 4; *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Senate Bill No. 775 (2021-2022 Reg. Sess.) clarified that resentencing relief under what is now section 1172.6 extends to persons convicted of attempted murder or manslaughter. (Stats. 2021, ch. 551, §§ 1, subd. (a), 2; *People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18.)

Senate Bill No. 1437 also created a procedure for persons convicted of qualifying offenses under the former homicide laws to seek resentencing if they could no longer be convicted under the amended law. (*Lewis, supra*, 11 Cal.5th at p. 959.) As relevant here, a petitioner convicted of voluntary manslaughter or attempted murder initiates the resentencing process by filing a petition averring (1) a charging document "was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine"; (2) "[t]he petitioner was convicted of . . . attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial"; and (3) "[t]he petitioner could not presently be convicted of murder or attempted murder" following changes to sections 188 or 189. (§ 1172.6, subd. (a)(1)-(3).)

At the prima facie review stage, a petitioner's factual allegations "should be accepted as true, and the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra*, 11 Cal.5th at p. 974.) But " 'if the record [of conviction], including the court's own documents, "contain[s] facts

5

refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)

When, as here, "the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts 'the defendant admitted as the factual basis for a guilty plea.' " (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211-1212, quoting *People v. Gallardo* (2017) 4 Cal.5th 120.) It also includes the petitioner's "express admissions at the plea colloquy." (*People v. Fisher* (2023) 95 Cal.App.5th 1022, 1029.)

As the Supreme Court decided *Patton* after the parties had completed briefing in this case, we sought supplemental briefing regarding the impact of both that case and *People v. Glass* (2025) 110 Cal.App.5th 922 on the issues here. In *Patton*, the petitioner pleaded no contest to attempted murder and admitted he personally and intentionally discharged a firearm in the crime's commission. (*Patton, supra*, 17 Cal.5th at p. 557; § 12022.53, subd. (c).) The petitioner sought resentencing under section 1172.6 by submitting a checkbox-form petition. (*Patton*, at p. 559.) The People in response argued the preliminary hearing testimony showed he was the sole participant, and was convicted as the direct perpetrator of the attempted murder. (*Patton*, at pp. 559-560.) The petitioner offered no reply. (*Ibid.*) The trial court relied on the unrebutted preliminary hearing transcript to deny relief at the prima facie review stage, and the Court of Appeal affirmed. (*Id.* at p. 560.)

*Patton* held a trial court conducting a prima facie review could rely on "unchallenged, relief-foreclosing facts" from a preliminary hearing transcript to refute the petition's "conclusory, checkbox allegations." (*Patton, supra*, 17 Cal.5th at p. 564.) "[A] section 1172.6 petitioner who, despite having access to counsel upon submission of a facially sufficient petition, offers only

6

conclusory allegations of entitlement to relief, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not . . . made a prima facie showing." (*Id.* at p. 565.)

As a result, when the record of conviction shows relief under section 1172.6 is unavailable at the prima facie stage—whether it be a preliminary hearing as in *Patton* or sworn statements in a guilty plea form or a plea hearing—petitioners "have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail." (*Patton, supra*, 17 Cal.5th at p. 567.) *Patton* concluded the petitioner offered only conclusory allegations in response to such a record, thus he failed to satisfy his burden to make a prima facie case for relief. (*Id.* at p. 569.)

Even so, "out of an abundance of caution," *Patton* remanded the case to the trial court to allow the petitioner, within 30 days of remand, to plead "additional facts" in support of his "amended petition." (*Patton, supra*, 17 Cal.5th at pp. 569-570, citing § 1172.6, subd. (c) [petitioner has 30 days to reply to the People's response to a facially valid petition].)

In *People v. Glass, supra,* 110 Cal.App.5th 922, the defendant pleaded guilty to attempted murder and voluntary manslaughter, admitting he personally used a firearm in the commission of the offense. (*Id.* at p. 925.) The court denied his petition for resentencing under section 1172.6 at the prima facie stage based on his sworn statements in the plea form. (*Glass,* at p. 928.) On appeal, this court concluded the defendant had failed to include in his reply to the People's response any facts supporting his conclusory allegation that his convictions were based on a natural and probable consequences theory. Nonetheless, we followed *Patton, supra,* 17 Cal.5th 549, conditionally affirmed the court's order, and, "out of an abundance of

7

caution," remanded the matter to allow the defendant to plead additional facts to supplement his petition. (*Glass, supra,* at pp. 929-930.)

B. *Analysis*

Similarly, here, Hernandez did not include any facts in his reply to the People's response to his section 1172.6 petition to support his conclusory allegation his convictions were based on a natural and probable consequences theory. *Patton, supra,* 17 Cal.5th 549 supports our conclusion that Hernandez is ineligible for section 1172.6 relief. Yet it also prompts us to give Hernandez an opportunity to plead "additional facts" to rebut the record of conviction. Hernandez requests this same opportunity if we conditionally affirm. As he did not have the benefit of *Patton*'s guidance during the prima facie stage before the trial court, we grant Hernandez's request.

## DISPOSITION

We remand this matter to the superior court with directions to consider any "additional facts" if Hernandez, within 30 days of remand, seeks to supplement his petition. (*Patton, supra*, 17 Cal.5th at p. 570.) We otherwise conditionally affirm the order denying his resentencing petition.


O'ROURKE, Acting P. J.

WE CONCUR:


DATO, J.


DO, J.


8